PICKENS COUNTY v. DAY.

1. APPEAL—COUNTY COMMISSIONERS—CLAIM.—The minutes of a meeting of county commissioners on a certain day contained a statement that the board decided that the question before them was the approval of the claim of D., "and as soon as acted upon due notice will be given said parties." On a later day the board approved part of claim. Claimants did not have notice of this action for several months, but when notified, appealed within the five days. *Held*, that the appeal was in time, and the first action of the board was simply a ruling.

2. APPEAL—TESTIMONY—COUNTY COMMISSIONERS.—The right to appeal carries with it the right to introduce testimony to establish the facts of the case, and the county commissioners erred when they refused to permit the claimant to introduce testimony to support his claim.

3. CLAIM—COUNTY COMMISSIONERS—CASE DISTINGUISHED.—On appeal from judgment of county commissioners rejecting a portion of claim, it is not error to refuse judgment for the full amount, although there is no testimony against it, and claim is sworn to, because, in absence of evidence to contrary, it must be presumed that commissioners did their duty. *Aull* v. *Newberry*, 42 S. C., 321, *distinguished*.

Before WITHERSPOON, J., Pickens, May 28, 1894. Modified.

Elias Day & Co., October 17, 1892, presented to commissioners of Pickens County a sworn itemized claim for $3,346. The report of the commissioners is as follows:

On the 24th day of November, 1892, there was a meeting of the board of county commissioners, at which the following business was transacted: The county commissioners met this day. Present, Matthew Hendricks, E. S. Griffin, and J. N. Murphree. The first business was the claim of Elias Day & Co. against the county. The attorney for Day & Co. moved to refer the claim to an arbitration, as they alleged was provided in the plans and specifications. The motion was overruled. The attorney asked to swear L. C. Mitchem, Elias Day, and R. E. Bowen to give testimony on said claim. The commissioners refused to hear evidence. Plaintiffs gave notice of an appeal. The board decided that the question

before them is the approving or disapproving the claim filed in this office by Elias Day & Co. for $3,346, and as soon as acted upon due notice will be given said parties. The attorney for Elias Day & Co. excepts to the above ruling of the board and to the continuance of the hearing of the case.

On January 3, 1893, the claim was approved for $100. Claimants' attorney was first notified of this action July 8, 1893, and served notice of appeal July 12.

The decree of Judge Witherspoon is as follows:

The above entitled case was heard by me on appeal by the plaintiffs, Elias Day & Co., from the judgment of the county commissioners, refusing to hear the testimony of witnesses offered by plaintiffs in support of their claim presented against Pickens County. After hearing argument of counsel, I conclude that it was error, as matter of law, for the county commissioners of Pickens County *to refuse to hear the testimony of witnesses offered by the plaintiffs* to sustain the claim presented before said commissioners against Pickens County. While this Court cannot control or direct the board of county commissioners in the exercise of their discretion in passing upon claims presented against the county, I do not think that said board is invested by law with the power of *refusing* to hear or to allow testimony to be introduced by persons presenting claims against the county. If the county commissioners are invested with such arbitrary power, if so disposed, they could refuse to hear testimony, and thereby disallow legal demands against the county, and the appellate Court would have no means of ascertaining the grounds upon which their judgments are based.

It is, therefore, ordered, that the plaintiffs' appeal from the judgment rendered by the county commissioners of Pickens County in the above entitled case be sustained, and that the judgment of said board be reversed, upon the ground of error as matter of law, and that the case be remanded to the board of county commissioners of Pickens County, to

hear such testimony as the plaintiffs, Elias Day & Co., may present in support of their claim, upon a day to be fixed by said commissioners, after due notice to said plaintiffs. In remanding the case to the board of county commissioners, it is not intended by the Court to intimate any opinion as to the *merits* of plaintiffs' claim, as that matter must be left to the *discretion* of the board of county commissioners. Let a certified copy of this order be served upon the board of county commissioners of Pickens County.

From this decree, Pickens County appeals on following exceptions:

1. Because his Honor erred in not holding, as he was requested to do, that the claimants, Elias Day & Co., had not appealed from the decision of the board of county commissioners, rendered on the 24th day of December, 1892, within five days from that time, and in not dismissing the appeal on that ground.

2. Because his Honor erred in not holding, as he was requested to do, that the claimants had only appealed from the action of the board of January 3d, 1893, and in not sustaining the action of said board.

3. Because his Honor erred in holding that it was error, as matter of law, for the county commissioners of Pickens County to refuse to hear the testimony of witnesses offered by the plaintiffs to sustain the claim presented before said commissioners against Pickens County.

4. Because his Honor erred in ordering that the appeal be sustained, and the judgment of the board reversed, upon the ground of error, as matter of law, and that the case be remanded to the board of county commissioners of Pickens County, to hear such testimony as the plaintiffs, Elias Day & Co., may present in support of their claim, upon a day to be fixed by said commissioners.

5. Because his Honor erred in not holding, as he was requested to do, that it was in the discretion of the board of county commissioners whether they would hear testimony

on the claim or not, and that it was not error of law to re-
fuse to hear said testimony.

The claimants also gave notice of their intention to ap-
peal from a part of said order, which was duly served, on
the grounds which were to be thereafter served, and which
are as follows:

1. Because his Honor, Judge Witherspoon, erred in not
giving judgment in favor of the claimants for the full amount
of their claim, there being no testimony against it, and the
claim being duly sworn to by the claimants.

2. Because the Circuit Judge, from all the papers before
him, should have rendered judgment in favor of the claim-
ants for the amount of their claim.

*Mr. J. P. Carey*, for appellant.

*Messrs. Julius E. Boggs* and *Cothraa, Wells, Ansel &
Hollingsworth*, contra.

Sept. 17, 1895. The opinion of the Court was delivered by

MR. JUSTICE GARY. On the 17th day of October, 1892,
the claimants, Elias Day and R. E. Bowen, filed a claim in
the office of the board of county commissioners for Pickens
County for the sum of $3,346. On the 24th day of Novem-
ber, 1892, at a meeting of the board of county commission-
ers, the claimants appeared before said board through their
attorney, and asked to be allowed to introduce testimony in
support of their claim. The board refused to allow the
claimants to introduce testimony. In the minutes of the
meeting on that day appears the following statement, signed
by the chairman of said board: "The board decided that
the question before them is the approving or disapproving
the claim filed in this office by Elias Day & Co. for $3,346,
and as soon as acted upon, due notice will be given said
parties." On the 3d day of January, 1893, the board ap-
proved said claim to the extent of $100, but rejected the
balance of it. This action of the board was filed in the

office of the commissioners.  On the 8th day of July, 1893, the attorneys of Day & Co. requested a certified copy of the action of the board on said claim, which was the first notice said attorneys had that said claim had been approved for $100.  The attorneys of Day & Co. served notice of appeal on the 12th day of . July, 1893, from the decision of said board, and the case was heard by his Honor, Judge Witherspoon, who rendered the decision which will be set out in the report of this case.  From this decision both claimants and defendants have appealed upon exceptions, which will also be set out in the report of the case.

The first and second of defendants' exceptions will be considered together.  The board of county commissioners simply made a ruling on the 24th day of November, 1892, but did not make a decision upon the claim.  In the minutes of their meeting on that day, they say: "As soon as acted upon, due notice will be given said parties."  Although the decision upon the claim was filed on the 3d day of January, 1893, still the claimants did not have notice thereof until the 8th day of July, 1893; and in less than five days they served notice of appeal from such decision.  This was in due time.  These exceptions are, therefore, overruled.

The third, fourth, and fifth exceptions will be considered together, as they raise practically but the one question— whether the board of county commissioners had the right to refuse to allow the claimants to introduce testimony to sustain their claim.  This question was not decided by either *Green* v. *County Commissioners*, 27 S. C., 9, or *Tinsley* v. *Union County*, 40 S. C., 279.  The law allowed an appeal from the decision of the board of county commissioners, and if the board had the right to refuse to allow a claimant to introduce testimony to sustain his claim, then they could practically destroy this right by such refusal.  If an appeal should be taken from their decision, the presumption would be that the board had acted correctly, and the appellant would be powerless to overcome

this presumption by testimony, thus rendering his appeal nugatory. The right to appeal carries with it the incidental right to introduce testimony to establish the facts of the case. These exceptions are overruled.

We come next to a consideration of exceptions on the part of Day & Co. The first exception cannot be sustained, because, in the absence of testimony to the contrary, the presumption is that the board of county commissioners did their duty in the premises. This case is unlike the case of *Aull* v. *Newberry County*, 42 S. C., 321, where the only testimony was that of the claimant. What we have just said in regard to the first of Day & Co.'s exceptions disposes also of their second exception.

It is the judgment of this Court, that the case be remanded to the Court of Common Pleas for Pickens County, for the purpose of making such changes in the order as are rendered necessary by the recent act of the legislature in regard to the powers and duties of county commissioners, and that in all other respects the judgment of the Circuit Court be affirmed.